UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMARTINE PIERRE JR., DANIELLE GRAHAM, AMIE DELEON, JESSE GONZALEZ, JEANNETTE RODRIGUEZ, VALERIE WELLS, STEPHANIE SMITH, SHANNON HOOD, SHANNA HER, MELANIE BARBER, CHRISTOPHER MORGAN, and MOLLY BROWN on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> HEALTHY BEVERAGE LLC d/b/a THE HEALTHY BEVERAGE COMPANY <br><br> Defendant. | Case No. 2:20-cv-04934-GJP |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs by and through their undersigned attorneys, respectfully submit this response to Defendant's Notice of Supplemental Authority dated July 13, 2021 (ECF No. 23).

Defendant's notice of supplemental authority unsuccessfully attempts to analogize this case to a recent out-of-circuit district court decision granting a beverage manufacturer's motion to dismiss. *See Mazella v. The Coca-Cola Company*, 7-20-cv-0523-NSR (S.D.N.Y. July 12, 2021) [ECF Doc. 24]. In *Mazella*, the court held that "Plaintiff ha[d] not plausibly alleged that 'Slightly Sweet' on the Product label would cause a reasonable consumer to assume that it is 'low sugar' and thus 'low calories.'" *Id*. at 6. The court reasoned that "[b]ecause the Product discloses the number of calories and amount of sugar on the label, a reasonable consumer would not assume the definition of 'Slightly Sweet' is 'low sugar' or 'low calories.'" *Id*. at 7. The overarching theme of

1

the opinion in *Mazella* is that the plaintiff failed to "plausibly allege that 'Slightly Sweet' in the context of the Product's label is a factual statement that is false or misleading." *Id.* at p.15.

As a threshold matter, Defendant's notice of supplemental authority incorrectly asserts that "[t]he [*Mazella*] Court concluded that plaintiff could not state a claim on any of her causes of action because she could not plausibly allege the statement '*Slightly Sweetened*' is materially misleading." The statement at issue in *Mazella*, was "Slightly Sweet," not "Slightly Sweetened." *Id.* at 1-2. The "sweet" versus "sweetened" distinction is important because reasonable consumers understand the former to describe the product's flavor profile or taste, whereas the latter describes how the product was made. *Compare* https://www.dictionary.com/browse/sweet (defining "sweet" as "having the taste or flavor characteristic of sugar, honey, etc.") (last visited July 19, 2021) *with* https://www.dictionary.com/browse/sweeten (defining "sweeten" as "to make sweet, as by adding sugar[]") (last visited July 19, 2021).

As Plaintiffs have detailed in their amended complaint, consumers reasonably understand the phrase "lightly sweetened" to a suggest that a product has only had a small amount of sugar added to it. *See* ECF Doc 15 ¶¶ 55-57 (describing how sweetened refers to adding sugar to the product, the definition of lightly in the context of adding it to food, and what consumers reasonably understand the phrase "lightly sweetened" to mean). Furthermore, Plaintiffs have plausibly pled that Defendant's "lightly sweetened" statement of fact is misleading because each of Defendant's "lightly sweetened" products contains 20 grams of added sugar, **which equates to roughly 5 teaspoons of sugar**. *See* ECF Doc. 15 ¶ 22 (emphasis added). In short, Defendant's use of the verb "sweet*ened*" distinguishes this case from the "sweet" representation in *Mazella*.

Moreover, the fact that Defendant's Nutrition Fact Panel accurately discloses the amount of sugar in the product does not defeat Plaintiffs' claims or immunize Defendant from suit. Courts

widely recognize that the Nutrition Fact Panel should confirm the product's front label representation, not contradict it. *See, e.g., Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008) ("[R]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box …. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging."); *Lynch v. Tropicana Prod., Inc.*, No. 2:11-CV-07382 DMC, 2013 WL 2645050, at *7 (D.N.J. June 12, 2013) ("[C]ourts have ruled that reasonable consumers should not be expected to look beyond misleading representations on the front of the box to discover the truth.") (citation and quotations omitted); *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018) ("We conclude that a reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading information set forth in large bold type on the front of the box.").

For the reasons set forth above and as set forth in Plaintiffs' Opposition to Defendant's motion to dismiss, this Court should reject Defendant's motion.

Dated: July 20, 2021

Respectfully submitted,
/*s/ David C. Magagna Jr.*
David C. Magagna Jr.
Charles E. Schaffer
**LEVIN, SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
cschaffer@lfsblaw.com
dmagagna@lfsblaw.com

Gary E. Mason *
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
gmason@masonllp.com

Gary M. Klinger*

3

**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, IL 60630
gklinger@masonllp.com

Jeffrey S. Goldenberg*
**GOLDENBERG SCHNEIDER L.P.A.**
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
jgoldenberg@gs-legal.com


Attorneys for Plaintiffs and the Proposed Class
* *Pro hac vice*

## CERTIFICATE OF SERVICE

I, David C. Magagna, Jr., certify that on July 20, 2021, I served a true and correct copy of the foregoing Plaintiffs' Response To Defendant's Notice Of Supplemental Authority on the following counsel of record via the Court's Case Management/Electronic Case Filing (CM/ECF) notification of electronic filing system:

>Clair E. Wischusen
>FOX ROTHSCHILD LLP
>2700 Kelly Road, Suite 300
>Warrington, PA 18976
>Email: cwischusen@foxrothschild.com
>
>Michael Eidel
>FOX ROTHSCHILD LLP
>2000 Market Street, 20th Floor
>Philadelphia, PA 19103
>Email: meidel@foxrothschild.com
>
>*Attorneys for Defendant*

>/s/ David C. Magagna, Jr.
>David C. Magagna, Jr.