# LEVIN SEDRAN & BERMAN LLP
*Counsellors at Law and Proctors in Admiralty*

———

| | | |
|---|---|---|
| ARNOLD LEVIN<br>LAURENCE S. BERMAN<br>FREDERICK S. LONGER*<br>DANIEL C. LEVIN<br>CHARLES E. SCHAFFER<br>AUSTIN B. COHEN*<br>MICHAEL M. WEINKOWITZ*+<br>KEITH J. VERRIER*<br>DAVID C. MAGAGNA, JR.*<br>NICHOLAS J. ELIA | 510 WALNUT STREET<br>SUITE 500<br>PHILADELPHIA, PA  19106-3697<br><br>———— | TELEPHONE (215) 592-1500<br>FACSIMILE (215) 592-4663<br><br>OF COUNSEL:<br>HOWARD J. SEDRAN<br>SANDRA L. DUGGAN<br>RAYMOND P. FORCENO |

*also admitted in New Jersey
+also admitted in New York

RE: *Lamartine Pierre Jr. et al. v. Healthy Beverage*, Case No.  2:20-Cv-04934-GJP

Consistent with your Honor's Policies and Procedures, Plaintiffs submit this letter in support of their request to modify the scheduling order in this case. As will be described in a more fulsome manner below, due to unforeseen circumstances by an expert who ceased all communications, Plaintiffs request a brief extension of the schedule in this case. Plaintiffs' counsel has conferred with Defendant who does not oppose this request and Plaintiffs' proposal includes extending the schedule by four months as detailed in the attached proposed order.

## ARGUMENT

### 1. Good Cause Exists to Extend The Current Case Management Deadlines

Pursuant to Federal Rule of Civil Procedure 16, a district court has broad discretion to control and manage discovery." *Krist v. Scholastic, Inc.*, No. CV 16-6251, 2019 WL 9809627, at *2 (E.D. Pa. Jan. 31, 2019) "That discretion includes the ability to modify a scheduling order upon a showing of good cause[.]" *Id.* To establish "good cause," district courts within this Circuit have found that various factors include: "(1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery extension; and (3) any other factors the trial court, in its discretion, determines to be relevant." *Id.*

In this case, there is good cause to modify the scheduling order here because the Parties have diligently pursued discovery, but the complexity of the case and certain delays caused by the unresponsiveness of Plaintiffs' retained expert necessitate Plaintiffs' replacing this expert as well as a larger discovery schedule.  The parties are also actively engaged in settlement discussions. Additionally, amending the schedule would cause no prejudice to Defendant.

### 2. The Parties Have Diligently Pursued Discovery

This case is a putative class action in which Plaintiffs asserts claims against Defendant for its alleged deceptive advertising of the at issue Steaz Tea products. Nearly all of Plaintiffs' claims survived Defendant's motion to dismiss, the parties diligently engaged in written discovery, and are now actively engaged in settlement discussions.  On September 19, 2022, the Court entered

the current Scheduling Order, including that Plaintiffs shall move for class certification and submit their certification expert report by March 24, 2023 and fact discovery close on May 26, 2023.

Since the entry of the Scheduling Order, the parties have been diligent in their ongoing discovery efforts. To date, the parties have exchanged initial disclosures. Plaintiffs have also propounded and Defendant has answered Plaintiffs' interrogatories and requests for production. Defendant produced its responsive documents on October 11, 2022, after the parties negotiated a confidentiality agreement and ESI protocol prior on September 13, 2022.

Plaintiffs also responded to discovery propounded by Defendant for each of the class representatives including requests for production as well as interrogatories. Additionally, the parties have also met and conferred several times, including over discovery responses to amicably resolve noted deficiencies without court intervention.

In addition, the parties are now actively engaged in settlement discussions. If the parties are unable to resolve this matter, then substantial discovery in this case is still needed. For example, following a review of the documents, Plaintiffs plan to take a FED. R. CIV. P. 30(b)(6) deposition as well as depositions of other additional key employees. Plaintiffs also anticipate additional discovery following consultation with their retained expert(s) including things such as further interrogatories, requests for admission, etc... In addition, the parties have also discussed upcoming depositions of the class representatives.

3. **The Unresponsiveness and Departure of Plaintiffs' Retained Expert Has Impacted and Continues to Impact the Plaintiffs' Discovery Progress and Ability to Prosecute the Claims on behalf of Themselves and the respective Classes**

With respect to expert discovery, in January of 2021, Plaintiffs retained an expert to assist them with proving their claims in this case. *See* Schaffer Dec. ¶ 1. Plaintiffs and their hired expert worked together regarding an expert report and specifically what it would entail. Plaintiff's expert started working on an expert report and submitted to Plaintiffs' counsel a rough first draft in May 2022. *See* Schaffer Dec. ¶ 2.

Unfortunately, for Plaintiffs' counsel, this was the end: all communications from Plaintiffs' retained expert ceased. *See* Schaffer Dec. ¶¶ 3-5. Plaintiff's counsel followed up with the expert in August, September, and October and has never heard anything back. *See* Schaffer Dec. ¶¶ 4-5. Accordingly, Plaintiffs' counsel is in the process of vetting and retaining other expert(s) and Plaintiffs' counsel anticipates they will be able to retain the needed expert(s) soon.

Plaintiffs' counsel, however, believes that relief from the Court's imminent deadlines is needed so that Plaintiffs' counsel has an opportunity to find the best expert(s) for this case. Plaintiffs' counsel submits that this dispute should be decided on its true merits rather than deadline pressure forcing them to hire lesser qualified expert(s). This additional time will give Plaintiffs' expert(s) the appropriate time needed to develop their opinions, review the documents, and produce their work in support of the case. Given the complexity of this case and the fact that expert opinions will certainly be important, Plaintiffs' counsel requests that the Court modify its scheduling order and extend the schedule in the case by four months for the corresponding

deadlines as set out in the proposed order
.
     Under Federal Rule of Civil Procedure 16(b)(4) "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16 (b)(4). "To establish good cause, a party must demonstrate that they acted diligently[.]" *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.,* No. CIV.A. 09-290, 2012 WL 6562221, at *9 (W.D. Pa. Dec. 15, 2012),  (further citation omitted).  As described above, Plaintiffs have demonstrated their diligence with respect to conducting discovery in this case and good cause in that they have diligently pursued discovery, retained an expert early in this case (prior to the Court issuing its motion to dismiss opinion) only have that same expert cease all communications. Plaintiffs and the Classes will suffer prejudice if not given adequate time to retain the proper expert(s) and have the expert(s) assist in the case as needed.

     Moreover, Defendant does not oppose this request nor will any party suffer any prejudice because all affected deadlines set by the Court for each party have been extended four months.

### CONCLUSION:

     For these reasons stated herein, Plaintiffs request that the Court grant their request and modify the scheduling order consistent with the proposed order submitted contemporaneously herewith.

Dated: December 13, 2022         Respectfully submitted,

         /s/*David C. Magagna Jr.*
         David C. Magagna Jr.
         Charles. E. Schaffer
         **LEVIN SEDRAN & BERMAN, LLP**
         510 Walnut Street, Suite 500
         Philadelphia, PA 19106
         dmagagna@lfsblaw.com
         cschaffer@lfsblaw.com

         Gary E. Mason *
         **MASON LLP**
         5101 Wisconsin Avenue NW, Suite 305
         Washington, DC 20016
         gmason@masonllp.com

         Jeffrey S. Goldenberg*
         **GOLDENBERG SCHNEIDER L.P.A.**
         4445 Lake Forest Drive, Suite 490
         Cincinnati, OH 45242
         jgoldenberg@gs-legal.com

         *Attorneys for Plaintiffs * Pro hac vice*